UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00035-MOC-DCK

| | | |
|---|---|---|
| **AL SMILE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CRESTMONT AT BALLANTYNE LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on *pro se* plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2) and Motion for Temporary Restraining Order and Emergency Hearing (#3).

**FINDINGS and CONCLUSIONS**

**I.  Application to Proceed In Forma Pauperis**

The Court has carefully considered plaintiff's affidavit in conjunction with the *Health and Human Services Poverty Guidelines*, see https://aspe.hhs.gov/poverty-guidelines, and concludes that it is unable to determine whether plaintiff is able to pay the filing fee and costs associated with service of process.

Plaintiff provided no information about his financial state on his Application to Proceed Without Prepayment of Fees and Affidavit. Other than the top portion of the first page, which includes only the parties' names and plaintiff's signature, the Application is completely blank. Plaintiff did not answer the questions regarding how much, if any, annual income he receives; whether he owns any assets; or whether he relies on any persons for support. Nor did plaintiff answer any of the questions regarding his estimated living expenses. He simply drew a vertical

line down the page in response to questions 1 through 7, and he make no markings at all in response to questions 8 through 12.

The Court acknowledges that *pro se* motions are construed liberally and is generally flexible with *pro se* plaintiffs attempting to navigate the judicial system. But this particular filing includes "Instructions" which tell the applicant not to leave any blanks and to write responses for each question, even if the answer to a question is "0," "none," or "not applicable (N/A)." Plaintiff presumably read these instructions, as he signed and dated the lines located directly below the Instructions section. See Hood v. Uber Techs., Inc., No. 1:16-CV-998, 2019 WL 93546, at *3 (M.D.N.C. Jan. 3, 2019) ("[C]ourts generally presume that readers of important documents have a basic level of understanding and willingness to read with care."); see, e.g., Chapman v. Allied Van Lines, Inc., No. 5:15-CV-615, 2018 WL 701627, at *10 (E.D.N.C. Feb. 2, 2018) (noting "courts must presume that person who signs a contract has read it in its entirety").

The Court has, however, liberally considered the strike through of paragraphs to mean that plaintiff has no income, no assets, and no third-party sources of income, and will grant plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2), subject to later revisiting the issue if it is shown that plaintiff does have assets or sources of income. Process will not, however, issue as it appears that the action is frivolous.

**II.     Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the

plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

### A. Plaintiff's Contentions

The Court has closely considered the substantive allegations of the Complaint and determines plaintiff has made the following allegations. While plaintiff states this Court has jurisdiction over his Complaint based on "Rule 65. Injunctions and Restraining Orders!", close review of the Complaint does not reveal that this court has any jurisdiction over any Complaint that plaintiff has expressed against "Crestmont @ Ballentyne LLC," which appears to be defendant's apartment complex.

From what can be discerned from plaintiff's handwritten Complaint, which is largely illegible, the Court believes that plaintiff's Count 1 reads as follows:

> A lawful invalid court order has been issued in violation of state and federal law! Basicly [sic], I file [sic] a suit against corp [sic] in district court, the attorney for said corp [sic]uses a defense that he just happened to check with secretary of state and discovered that said entity is nonexistent, therefore the court has no jurisdiction over a nonexistent entity. Judge dismisses [sic] case without allowing me to speak. Cont'd on back . . . If you can believe this; the same attorney/corporation, in retaliation files a phony manufactured suit against me using this same corporation that is fictitious and nonexistent where a district court judge just ruled. A blantant [sic] finger in the eye of Lady Justice! In that case I prevailed, proved my case, the judge ruled in my favor. Since that [sic] a lot has went on and there's been an onslaught of retaliatin [sic] from them toward me which is exactly what an unsuspecting, unknowing deputy sheriff is preparing to serve a writ of possession on my son and I A.M. [sic] tomorrow and we just received notice yesterday. It is unlawful for an order to be executed against a resident citizen by a fictitious entity that does not exist! Tax dollars can't be used in that manner!

The Complaint also indicates the above-referenced lawsuit is in the Mecklenburg County

Court system.  In his prayer for relief, plaintiff states he believes he is entitled to relief—though he does not specify the form of relief to which he believes he is entitled—because he has provided the state court with "an incredible amount of case law and evidence to invalidate and vacate the unlawful order," and he claims it is not fair that he was given only two days' notice that defendant-apartment complex was planning to forcefully remove him.

**B. Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted."  A complaint is frivolous "where it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Id.  Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios."  Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir. 2004).  The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id.  The Court must also consider whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii). Even though the Court applies the most liberal pleading standards to plaintiff's Complaint, Gordon

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), allegations which are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007). A court may consider subject matter jurisdiction as part of the frivolity review. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). Here, plaintiff's Complaint contains "fanciful factual allegation" regarding defendant's malicious actions and intent and the illegality of the state court order—however, he does not state that either have violated any federal law or a federal right. Nor does he state facts from which the Court could determine whether there has been such a violation. For these reasons and more (explained in detail below), the Court must dismiss for frivolity.

A court must also dismiss a matter if it determines it lacks subject matter jurisdiction at any point in the proceeding. Fed. R. Civ. P. 12(h)(3). Federal court jurisdiction may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction ... is on the plaintiff, the party asserting jurisdiction."). The Complaint must affirmatively allege the grounds for jurisdiction. Bowman, 388 F.2d at 760. If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P.

12(h)(3).

Here, plaintiff contends that this court has federal jurisdiction over his claims—which appear to amount to no more than a state law retaliatory eviction and general disgruntlement with state court proceedings—and that his Complaint is brought pursuant to Rule 65 of the Federal Rules of Civil Procedure regarding injunctions and restraining orders. Even if Rule 65 was a proper basis for federal question jurisdiction, which it is not, plaintiff's action is barred by the Rooker–Feldman doctrine. Under this doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). For the Rooker–Feldman doctrine to apply, the party seeking relief in federal court must be seeking to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil, 544 U.S. at 284). This Court, therefore, must "examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted).

As discussed above, plaintiff seeks injunctive relief against state-court officials that would essentially set aside or reverse the order of the state court by declaring it to be illegal or invalid. Such a Complaint clearly seeks redress and reversal of a state-court decision. The Rooker-Feldman Doctrine prohibits the United States District Courts, with the exception of habeas corpus actions, from "sit[ting] in direct review of state court decisions." Feldman, 460 U.S. at 483 n. 16.

The doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts. Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. and N.J. Police Dep't, 973 F.2d 169, 177 (3rd Cir. 1992). The Rooker-Feldman doctrine applies here. This Court lacks subject-matter jurisdiction to sit in direct review of North Carolina's trial courts, which requires dismissal of this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Proceed *In Forma Pauperis*, initiated by the Application to Proceed Without Prepayment of Fees and Affidavit (#2), is **GRANTED** subject to later review. The issuance of process and service thereof is **CANCELLED;**

(2) this action is **DISMISSED** as frivolous under § 1915(e)(2)(B)(i), for failure to state an actionable cause under §1915(e)(2)(B)(ii), and for lack of subject-matter jurisdiction under the Rooker-Feldman Doctrine. Inasmuch as this action is frivolous, plaintiff's Motion for Temporary Restraining Order and Emergency Hearing (#3) are **DENIED** as moot.

Signed: February 4, 2019



Max O. Cogburn Jr.
United States District Judge